IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-95-H

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| CHRISTOPHER MARTIN GORDON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant did not present any evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a 14-count indictment on 3 April 2013 with: Hobbs Act robbery and attempted Hobbs Act robbery, and aiding and abetting the same, on or about 21 July 2012 (cts. 1 & 2), 22 July 2012 (cts. 3-6), and 23 July 2012 (cts. 7-14) all in violation of 18 U.S.C. §§ 1951 and 2. The evidence presented at the hearing showed that the charges arise from

a series of 13 robberies of convenience stores and other business and 1 attempted robbery of such an establishment between 21 to 23 July 2012. Defendant admitted to the robberies and attempted robbery, and stated that he committed them to pay off a drug-related debt he owed and otherwise to support his heroin addiction, from which he apparently still suffers (using at least seven bags per day prior to his July 2012 arrest on the counterpart state charges to the instant charged offenses). He was on unsupervised state probation at the time of the robberies and attempted robbery.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the violent nature of the offenses charged; the circumstances of the offenses charged, including the multiplicity of the robberies and defendant's being on state probation at the time; defendant's criminal record, including seven misdemeanor convictions, two probation revocations (one for absconding), commission of two misdemeanor larceny offenses within two months after being placed on probation, and multiple failures to appear; the danger of continued robbery offense conduct by defendant if released; the potential sentence defendant faces if convicted; defendant's substance abuse history and its role as an apparent driver of his criminal conduct; the absence of a proposed third-party custodial arrangement; and the other findings and reasons stated in open court.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in

custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS RECOMMENDED that drug treatment be made available to defendant as soon as practicable.

This, the 9th day of August 2013.

_____
James E. Gates
United States Magistrate Judge